# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20411

UNITED STATES OF AMERICA,

  Plaintiff - Appellee

v.

ANN ANYANWU,

  Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-318-3

Before DENNIS, CLEMENT, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

  A jury convicted Ann Anyanwu of three counts of aiding and abetting health care fraud in violation of 18 U.S.C. §§ 1347 and 2, and the district court sentenced her to concurrent terms of thirty-three months of imprisonment and held her liable for $4,752,028.19 in restitution, jointly and severally with her co-defendants.  Anyanwu appeals her convictions and sentence as well as the district court's restitution order.

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20411

First, Anyanwu challenges the sufficiency of the evidence supporting her convictions.  Because Anyanwu moved for a judgment of acquittal at the close of the evidence, we review her challenge to the sufficiency of the evidence de novo.  *See, e.g., United States v. Jordan*, 851 F.3d 393, 396 (5th Cir. 2017).  "When reviewing the sufficiency of the evidence, we view all evidence, whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict."  *United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013) (internal quotation marks omitted).  Anyanwu argues that the evidence was insufficient to prove that she had the specific intent to advance her co-defendants' commission of health care fraud, as the Government was required to prove.  She claims that she merely worked as a nurse, saw her patients as needed, performed the appropriate nursing services, and was paid a salary for her work.  We disagree.

Aiding and abetting under 18 U.S.C. § 2 requires that the Government "prove (1) that the defendant associated with the criminal venture, (2) participated in the venture, and (3) sought by action to make the venture succeed."  *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005) (internal quotation marks omitted).  A conviction for healthcare fraud under 18 U.S.C. § 1347 requires that a defendant "knowingly and willfully executed a scheme to defraud a government health care program."  *United States v. Gevorgyan*, 886 F.3d 450, 455 (5th Cir. 2018) (internal quotation marks omitted).

While Anyanwu notes that she did not participate in billing and did not personally submit false documents to Medicare, the Government presented evidence that Anyanwu herself: (1) signed medical records, which she knew her co-defendants would later submit to Medicare, falsely representing that certain Medicare beneficiaries qualified for home health services; (2)

misrepresented the care she provided to patients on required forms that she knew her co-defendants would later submit to Medicare; (3) purported to provide services to Medicare patients when she was actually working elsewhere; (4) directed her patients to sign blank timesheets; (5) forged patient signatures on her timesheets; and (6) paid kickbacks to patients on behalf of her employer, knowing that Medicare prohibited such payments.  Viewed in the light most favorable to the Government, the jury could rationally find that Anyanwu had the specific intent to aid and abet her co-defendants' health care fraud offenses.

Next, Anyanwu challenges the district court's sentence and its restitution order, claiming that the court erred in holding her responsible for $4,752,028.19 in actual loss to Medicare, an amount the district court used for both the Sentencing Guidelines calculations and its restitution calculation.  "A district court's loss calculation, and its embedded determination that the loss amount was reasonably foreseeable to the defendant, are factual findings reviewed for clear error."  *United States v. Brown*, 727 F.3d 329, 341 (5th Cir. 2013).  We review the amount of a legally permitted restitution award for abuse of discretion.  *United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012).  Here, Anyanwu contends that the district court should have considered only the loss she intended to cause Medicare, which she asserts was $175,000, reflecting the salary she received.  Once again, we disagree.

For purposes of the Sentencing Guidelines, the amount of loss used to calculate the defendant's offense level is "the greater of actual loss or intended loss."  U.S.S.G. § 2B1.1, comment. (n.3(A)) (2016).  Actual loss is "[t]he reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* § 2B1.1, comment. (n.3(A)(i)).  Anyanwu does not dispute that Medicare incurred an actual loss of over $4.7 million as a result of the fraudulent scheme that she aided and abetted, nor does she claim that this loss was not reasonably

foreseeable to her. She has therefore forfeited any such contention. *See Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't,* 849 F.3d 615, 626 (5th Cir. 2017) (an issue not raised in a party's opening brief is generally forfeited). Although the Government concedes that the district court erroneously added $4,294.97 to the actual loss amount, any error in this respect was harmless and did not impact Anyanwu's Guidelines range.

As to the district court's restitution order, while Anyanwu ostensibly challenges its amount, she makes no attempt to explain, in light of relevant authority, why the district court's calculation is incorrect. She has therefore forfeited any argument in this respect. *See SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 784 (5th Cir. 2017) (deeming a party's challenge forfeited for inadequate briefing). However, here, too, the Government concedes that the district court miscalculated the amount by erroneously adding $4,294.97. Unlike in the context of the Guidelines calculation, the miscalculation of the restitution amount is not harmless.

Accordingly, we VACATE the district court's restitution order and REMAND for correction of the restitution amount. We otherwise AFFIRM the district court's judgment.

4